(No. 3221—

PHILLIPS PETROLEUM COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1938.*

H. P. ROBINSON, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

A stipulation, signed by claimant and respondent, has been filed herein. From the recitals thereof it appears that during the months of April and June, 1937 an order was placed by the Division of Highways under No. 87855 for the delivery to the Highway Division of certain gasoline and motor oil as set out in Claimant's Exhibits "A" and "B," and that such supplies were furnished during the period mentioned to a total value of $81.13.

A report by M. K. Lingle, Engineer of Claims, from the Division of Highways, states that the supplies in question were duly delivered, received and used by respondent at the times and places stated, and that the prices charged are in accord with those contained in the contract between the parties; that the bills were not presented for payment until after September 30, 1937 and were not eligible for payment out of the 59th Biennium Appropriation, for the reason that such appropriation had lapsed. It further appears that at the time the purchase order was issued and at the time the supplies in question were delivered, there remained unexpended in the appropriation from which the same was properly payable, a balance sufficient to pay for same.

As heretofore held in the case of *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R. 165, and other cases,

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same."

No sufficient showing of negligence or fault upon the part of claimant to justify non-payment of the bill appears, and pursuant to the rulings heretofore made, an award is hereby allowed in favor of claimant in the sum of $81.13. The application of claimant for interest on the amount of said bill is denied as there is no statute in the State which permits the payment of costs and interest. (See *Southern Kraft Corp.* vs. *State*, 9 C. C. R. 306.)